UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OFIDIO BONILLA (a/k/a Juan Calderon),

                Plaintiff,

-against-

JANOVICK, Correctional Officer, Shield # 341,
JOHN DOE #1, Correctional Officer, and JOHN
DOE #2, Correctional Officer,

                Defendants.
------------------------------------------------------------X

01-CV-3988
(SJF)(ETB)

**OPINION & ORDER**

FEUERSTEIN, J.

## I. Introduction

On June 5, 2001, Plaintiff Ofidio Bonilla ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging that defendant John Jaronczyk ("Defendant" or "Jaronczyk")(s/h/a "Janovick") and two other unnamed correctional officers of the Nassau County Correctional Center violated his Eighth Amendment rights by exercising excessive force against him. On March 23, 2007, this Court granted Plaintiff's motion to amend his complaint to include the names of additional officers allegedly involved in the incident giving rise to the instant matter. On March 30, 2007, Defendant Jaronczyk moved this Court to reconsider that order pursuant to Federal Rule of Civil Procedure 60(b). On April 6, 2007, Plaintiff filed a motion *in limine* requesting the admission of portions of a September 2000 Department of Justice Findings Letter ("DOJ Letter") into evidence. This Order addresses both motions.

## II. Procedural History

On June 5, 2001, Plaintiff, *pro se*, commenced this action, pursuant to 42 U.S.C. § 1983

by filing a complaint with the Court against Defendant. On that same date, Plaintiff made a motion to proceed *in forma pauperis,* which was granted on June 20, 2001. On August 20, 2001, a summons was issued against Defendant. On September 17, 2001, Defendant answered. On August 27, 2003, Plaintiff moved for appointment of counsel, which was granted on September 25, 2003. On October 15, 2003, Mark C. Kujawski filed a notice of appearance on behalf of Plaintiff.

### III. Motion for Reconsideration

During the course of a March 23, 2007 conference before this Court, Plaintiff's counsel moved for an order allowing the substitution of Correction Officer Frank Camidge, Shield #2394, Correction Officer Joseph Razzano, Shield #2298, and Correction Officer Brian Sullivan, Shield #2103 for the two John Doe Defendants in the caption of the lawsuit. Over the objection of Defendant's counsel, Plaintiff's motion was granted. On March 30, 2007, pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, Defendant moved for reconsideration of that ruling.

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3). In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available at the time of the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See U.S. v. Gross, 2002 WL 32096592 at *3 (E.D.N.Y. Dec. 5, 2002).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, *pro se* complaints must be read liberally, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), and leave to amend such complaints must be granted if "a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Defendant does not contend that there has been an intervening change of controlling law and does not present any new evidence, merely reiterating his objections to Plaintiff's motion and grounds for its denial. Accordingly, Defendant's motion for reconsideration is denied.

### IV. Motion *in Limine*

Plaintiff's motion *in limine*, dated April 6, 2007, requests an order allowing him to enter sections of the DOJ Letter into evidence. Plaintiff intends to use the DOJ Letter to establish that the Nassau County Correctional Center "had a pattern of using more force than [c]onstitutionally mandated in the restraint of an inmate," (Plaintiff's Memorandum, p. 1) in support of a claim pursuant to Monell v. New York City Dept. Of Social Servs., 436 US 658 (1978).

A motion *in limine* allows the court to rule on the admissibility of anticipated evidence in advance of trial. See United States v. Chan, 184 F. Supp. 2d 337, 340-341 (S.D.N.Y. 2002) (citing Luce v. United States, 469 U.S. 38, 41 n. 4 (1984)). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible. See Baxter Diagnostics, Inc. v. Novatek Medical, Inc., 1998 WL 665138 at * 3 (S.D.N.Y. 1998). Courts considering a motion *in limine* may also reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Chan, 184 F. Supp. 2d at 340.

Based upon the foregoing, determination of Plaintiff's motion *in limine* is reserved until trial.

### III. CONCLUSION

Defendant's motion for reconsideration of the March 23, 2007 order allowing Plaintiff to amend his complaint is DENIED. A determination of Plaintiff's April 6, 2007 motion *in limine* is RESERVED UNTIL TRIAL.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge
Dated: October 16, 2007
Central Islip, New York